The Referee's Order of November 24, 1965, is hereby reversed.

**ORDER OF RAILROAD CONDUCTORS AND BRAKEMEN and Brotherhood of Locomotive Firemen and Enginemen, Plaintiffs,**

v.

**FLORIDA EAST COAST RAILWAY COMPANY, a Florida Corporation, Defendant.**

**No. 64–327–Civ–J.**

United States District Court
M. D. Florida,
Jacksonville Division.

Feb. 28, 1966.

As Amended March 2, 1966.

See also, D.C., 252 F.Supp. 586.

592

———◆———

Rutledge & Milledge, Miami, Fla., Nichols, Gaither, Beckham, Colson & Spence, Miami, Fla., for plaintiff.

William B. Devaney, Steptoe & Johnson, Washington, D. C., J. Turner Butler, Jacksonville, Fla., for defendant.

## ORDER ON RULE TO SHOW CAUSE

SIMPSON, Chief Judge.

This cause came on to be heard upon the Rule To Show Cause issued by this Court on January 26, 1966, requiring the defendant, Florida East Coast Railway Company, through its president, Winifred L. Thornton, and R. W. Wyckoff individually, to show cause why they should not be held in contempt of this Court for failure to comply with this Court's injunction dated January 6, 1965, for refusing to permit certain members of the plaintiff who hold seniority rights under the contract between the plaintiff and the defendant from exercising such seniority rights.

The defendant's excuse for failing to accord to these union conductors their contract rights is solely upon the ground that said employees are physically unfit safely and efficiently to perform their duties as promoted conductors.

The Court, having taken testimony on February 14, 1966, February 15, 1966, February 16, 1966, February 17, 1966, and February 18, 1966, and having heard argument of counsel and being fully advised in the premises, make the following findings of fact:

1. The following-named promoted conductors have seniority rights under the contract or working agreement dated February 1, 1956, as amended, between the plaintiff, Order of Railroad Conductors and Brakemen and the defendant, Florida East Coast Railway Company:

H. H. Adams, R. O. Borman, John D. Buckley, C. H. Currie, W. T. Gay, T. L. German, W. C. Griffin, O. F. Hartley, Donald O. Hendricks, A. R. Jones, M. D. Jones, J. F. Kennard, R. J. Kohout, Robert M. Morgan, R. C. Morey, Claude W. Osban, Jack Owens, C. E. Pepples, C. W. Robbins, M. H. Seifert, H. A. Steger, A. A. Surrency, J. A. Syler, G. G. Watkins, R. E. Yunker.

2. The above-named promoted conductors have been denied their contract seniority rights by the defendant solely upon the alleged basis that they are physically unfit safely and efficiently to perform their duties as promoted conductors in the service of the defendant.

3. The defendant has a right to refuse to these above-named promoted conductors their contract seniority rights if, in fact, they are not reasonably fit to safely and efficiently perform their duties as promoted conductors in the service of the defendant.

4. The standard for determining whether the above-named conductors are reasonably fit safely and efficiently to perform their duties has been unreasonably applied to said men by the defendant.

5. As to the above-named promoted conductors, the physical standard, as applied by the defendant in making its determination that said men are not reasonably fit safely and efficiently to perform their duties as conductors and thereby to deprive them of their contract seniority rights, is unreasonable, arbitrary and capricious.

The said denial of seniority rights to such conductors necessarily operates to prefer, and retain in the service of the defendant those employees in the class or craft of conductors who had worked during the period from January 23, 1963, when the non-operating crafts went on strike, to January 6, 1965, when this

Court's preliminary injunction was entered, and was done for such purpose.

6. That the Memorandum Agreement between the Florida East Coast Railway Company and the Brotherhood of Railroad Trainmen dated August 21, 1964 providing for a "neutral doctor" does not affect those individuals in the employ of the defendant working in the class or craft of conductors.

7. The plaintiff is charged with the responsibility under the Railway Labor Act, 45 U.S.C. 151 et seq. with the obligation of representing all members of the class or craft of conductors on the property of the Florida East Coast Railway Company and the fact that certain individuals whose contract seniority rights are here involved are not members of the plaintiff labor organization is of no legal consequence here.

8. Those provisions of the contract between the Order of Railroad Conductors and Brakemen and the defendant, imposing time limitations upon the processing of individual grievances, specifically those contained in Article 19 of said agreement, have no application to and impose no limitation on this Court's power to enforce its injunction entered January 6, 1965 in this cause.

9. The evidence clearly reveals, and the Court so finds, that the neutral doctors who examined some of the above-named promoted conductors were supplied information by defendant as to the duties of a conductor. This information was inaccurate, incomplete and imposes a falsely high standard upon which to examine the above-named conductors. The Court also finds that the neutral doctors, selected under the aforementioned Memorandum Agreement of August 21, 1964, examined the above-named conductors as new employees and not as employees continuing in the service of the defendant.

10. The doctrine of collateral estoppel as urged by the defendant in the case of Donald O. Hendricks is inapplicable to the facts as adduced in evidence in this cause. The evidence reveals, and the Court so finds, that the defendant allowed Donald O. Hendricks to return to its service and that said Donald O. Hendricks was actively engaged in the service of the defendant after he had sustained a personal injury during the course of his employment with the defendant and after the commencement of litigation in connection therewith and until January 23, 1963. The Court further finds in connection with this individual that the eye condition complained of by the defendant had existed during his entire working life with the defendant and has not and does not render him unfit safely and efficiently to perform his duties.

11. The evidence reveals and the Court so finds, that the following named promoted conductors are reasonably fit safely and efficiently to perform their duties as conductors:

H. H. Adams, R. O. Borman, John D. Buckley, W. T. Gay, T. L. German, Donald O. Hendricks, M. D. Jones, J. F. Kennard, Robert M. Morgan, R. C. Morey, Claude W. Osban, Jack Owens, C. W. Robbins, M. H. Seifert, H. A. Steger, G. G. Watkins, R. E. Yunker

12. The evidence reveals and the Court so finds, that the following named promoted conductors are entitled to be examined by a physician appointed by this Court to determine whether, by a reasonable and non-discriminatory application of the physical standard of the defendant, they are fit to safely and efficiently perform their duties as promoted conductors in the service of the defendant:

C. H. Currie, W. C. Griffin, R. J. Kohout, C. E. Pepples, A. A. Surrency, J. A. Syler

13. The evidence reveals and the Court so finds that O. F. Hartley is not physically able to safely and efficiently perform the duties of a conductor in the service of the defendant.

14. The evidence reveals and the Court so finds that A. R. Jones should be permitted to return to work in the service of the defendant if, after a hernia operation, he passes a physical examination

based upon a reasonable and non-discriminatory application of the medical standards of the defendant.

The Court reserves jurisdiction over this member of the plaintiff's craft to make such future determination as to whether the above criteria have been met by all parties.

15. The evidence reveals and the Court so finds that "a reasonable and non-discriminatory application of the defendant's physical standards" is that standard which was applied prior to January 23, 1963.

Accordingly, it is ordered, adjudged and decreed that:

A. The defendant, Florida East Coast Railway Company, through Winifred L. Thornton, its President, and Raymond W. Wyckoff, its Vice President, as individuals, are adjudged to be in contempt of this Court for violating this Court's injunction of January 6, 1965, by unreasonably, arbitrarily and capriciously refusing to accord to twenty-five individuals their contract seniority rights as conductors.

B. The defendant, Florida East Coast Railway Company, its President, Winifred L. Thornton, and its Vice President and Director of Personnel, Raymond W. Wyckoff, are directed and ordered to immediately accord to the following individuals their contract seniority rights under the collective bargaining contract between the Order of Railroad Conductors and Brakemen and the defendant:

H. H. Adams, R. O. Borman, John D. Buckley, W. T. Gay, T. L. German, Donald O. Hendricks, M. D. Jones, J. F. Kennard, Robert M. Morgan, R. C. Morey, Claude W. Osban, Jack Owens, C. W. Robbins, M. H. Seifert, H. A. Steger, G. G. Watkins, R. E. Yunker

C. The Court hereby appoints the Manson Clinic, 8037 NE 2 Ave., Miami, Florida, as court-appointed medical examiners to determine or to cause to be determined the physical fitness to perform the duties as a promoted conductor in the service of the defendant under a reasonable and non-discriminatory application of the physical standards of the defendant, the following named promoted conductors:

(1) R. J. Kohout whose examination is specifically limited to his ability to effectively distinguish between red and green in situations that he would encounter in the service of the Railway.

(2) C. E. Pepples with the examination limited to the necessity of a varicose vein operation prior to his return to service with the defendant and if said operation is required, said person shall be returned to work if the court-appointed examiner, upon a reasonable and non-discriminatory application of the defendant's physical standards, advises the Court that said C. E. Pepples can safely and efficiently perform the duties of a promoted conductor in the service of the defendant; the Court reserves jurisdiction for such future determination that may be necessary.

(3) A. A. Surrency shall be examined specifically with regard to his ability effectively to hear in the performance of those duties required of him as a conductor in the service of the defendant; said examination to be based on the reasonable and non-discriminatory application of the defendant's physical standards.

(4) C. H. Currie, W. C. Griffin and J. A. Syler shall be given a complete physical examination to determine whether they can safely and efficiently perform the duties of a promoted conductor in the service of the defendant, said examination to be based on the reasonable and non-discriminatory application of the defendant's physical standards.

(5) The physical standard which shall be applied to physical examinations under this Order is that physical standard for individuals returning to the service of the defendant as applied by the defendant railway prior to January 23, 1963. The examinations by said court-appointed medical examiner shall be conducted as soon as practicable and said court-appointed medical examiner shall report the results of his examinations in

writing to this Court. The expenses of said examinations and of the preparation of said reports shall be borne by the defendant, Florida East Coast Railway Company. The Clerk of this Court is directed, upon receipt of the report of said examinations, to serve upon the parties copies of said report. The parties shall have five (5) days from service upon them of said reports to object thereto, otherwise said reports shall become and constitute the findings of this Court.

D. In order to purge themselves of contempt the contemnors, Florida East Coast Railway Company, a Florida corporation, by and through its President, W. L. Thornton, and Raymond W. Wyckoff, individually, are each required, within ten (10) days from the date of this Order to file herein sworn written reports of full compliance herewith as to the requirements of paragraph B above.

The contemnors, Florida East Coast Railway Company, Winifred L. Thornton and Raymond W. Wyckoff, are each hereby fined $1,000 per day for each day of non-compliance after the expiration of the ten (10) day period referred to. Said fines shall be paid to the plaintiff, Order

of Railroad Conductors and Brakemen which is given leave to apply for execution therefor in the event of non-payment.

## ORDER AMENDING ORDER ON RULE TO SHOW CAUSE

Satisfactory evidence having been supplied the Court by counsel for the Defendant, Florida East Coast Railway Company, a Florida corporation, that Ruffis C. Morey, 525 Faulkner Street, New Smyrna Beach, Florida, was granted permanent disability under Section 2(a) 4 of the Railroad Retirement Act by the United States of America Railroad Retirement Board on February 15, 1966, the Order entered in this cause on February 28, 1966 is hereby amended by deleting the name of R. C. Morey from the following paragraphs of said Order: Paragraph 1, page 2; Paragraph 11, page 4; Paragraph B, page 5; said name being listed in the said Order at each of said places as "R. C. Morey." Railroad Retirement Board form number RL–5a captioned "Notice to Employer of Annuity Awarded" confirming this action by the Retirement Board is attached to and made a part of this Order.

| | Date |
|---|---|
| RRB FORM NO. RL-5a (11-64)<br>United States of America Railroad Retirement Board<br>**NOTICE TO EMPLOYER OF ANNUITY AWARD** | FEB 15 1966 |

This employee has been awarded an annuity under section 2(a) 4 of the Railroad Retirement Act effective   OCT 22 1965

Annuity Rate   $186.70   .        RRB No.   A–718–07–4069

                          SSA No.   SAME

RUFFIS C MOREY                  BA No.   1510

525 FAULKNER ST

NEW SMYRNA BEACH FLA 32069          (s) D. M. Smith
                              Director of Retirement Claims.

If the employee returns to work notify the Railroad Retirement Board immediately.